**The STATE of Texas, Appellant,**

**v.**

**ALICE COUNTRY CLUB, INC., Appellee.**

**No. 14453.**

Court of Civil Appeals of Texas.

San Antonio.

March 30, 1966.

Waggoner Carr, Atty. Gen., Woodrow Curtis, Hawthorne Phillips, T. B. Wright, Carroll R. Graham, Asst. Atty. Gen., Austin, for appellant.

David A. Grose, Alice, for appellee.

MURRAY, Chief Justice.

Appeal from Jim Wells County.

This suit was instituted by the State of Texas under the Declaratory Judgments Act, Art. 2524—1, Vernon's Ann.Civ.St., against the Alice Country Club, Inc., a corporation, seeking to construe a certain "RIGHT OF WAY DEED" dated January 27, 1958, in which the State of Texas is grantee and the Alice Country Club, Inc., is grantor, conveying the 1.120 acres of land here involved, and further seeking to have the court declare a certain reservation in the deed to be null and void as being repugnant to the grant in said deed; said reservation being as follows, to-wit:

"It is understood and agreed that all trees growing upon the tract of land covered by this instrument shall be left in tact and in no way disturbed by Grantee herein, its successors and assigns; and it is further understood and agreed that the present level of the surface of the ground on said Easement will be approximately maintained and that no material change in said level will be made by Grantee herein, is successors and assigns."

The Alice Country Club, Inc., filed a motion for a summary judgment in its favor against the State. The trial court granted this motion and entered judgment accordingly, from which judgment the State has prosecuted this appeal.

The deed here involved conveyed to the State of Texas 1.120 acres of land to be used in widening State Highways Nos. 44 and 359 west of Alice, Jim Wells County, and contained the above reservation.

After the execution of the deed on January 27, 1958, the State, in October, 1958, caused a condemnation proceeding to be filed in its name against the Alice Country Club, Inc., for the express purpose of acquiring fee simple title to the land, by condemning and taking the rights reserved by the Country Club under the terms of its Right of Way Deed to the State.

This condemnation proceeding was heard before the special commissioners appointed by the County Judge of Jim Wells County, and their award was filed on January 12, 1959. The State appealed from this award only on the ground that "The amount of said award was grossly excessive." That appeal was not prosecuted by the State, and after some four and one-half years the Country Club moved to dismiss the appeal. After notice and hearing, the County Judge on May 7, 1964, entered an order dismissing the appeal, and thereafter on December 17, 1964, judgment was signed and entered confirming the award of the special commissioners, and adopting the same as the judg-

ment of the court, giving and granting the State fee simple title to the strip of land.

On December 1, 1964, the State filed this suit for declaratory judgment, contending that these same reservations in the original deed were void as being repugnant to the purpose of the deed.

■ The State having elected to bring a condemnation proceeding to take all of the rights reserved by the Country Club in its right of way deed to the 1.120 acres of land, and having prosecuted that proceeding to final judgment, and having fully recovered such rights, there was no further dispute between the State and the Country Club which would call for a declaratory judgment.

When the State brought the condemnation proceeding and took the rights reserved by the Country Club, paid the award and proceeded to use the land to construct its highway, the question of whether the reservation in the deed was repugnant to the intention of the parties to the right of way deed, was rendered an academic and moot question and there was no basis for a declaratory judgment.

■ This suit is in the nature of a collateral attack upon the condemnation proceeding. The State, by bringing the condemnation proceeding against the Country Club, admitted that the Country Club had certain rights in the land to be condemned and after the State has prosecuted the proceeding to a final judgment, the matter is finally adjudicated and the State is estopped to have it again passed upon by a court. In 22 Tex.Jur.2d, § 291, p. 409, it is stated: "The title of the landowner is assumed; he need not, therefore, ordinarily prove it in condemnation proceedings."

The facts here are undisputed and the trial court properly refused the State a declaratory judgment and granted the Country Club a summary judgment.

Accordingly, the judgment of the trial court is affirmed.

BARROW and CADENA, JJ., concur.